IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NOU VANG,

    Petitioner,               No. 2:12-cv-0159 DAD P

   vs.

STATE OF CALIFORNIA et al.,

    Respondents.        ORDER

_____/

       Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis. Petitioner has also filed a brief motion for a stay and abeyance.

       Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

**BACKGROUND**

       In his habeas petition pending before this court, petitioner challenges a judgment of conviction entered against him in 2008 by the Sacramento County Superior Court. According to the form petition, petitioner appealed from his conviction to the California Court of Appeal and the California Supreme Court, but the judgment of conviction was affirmed and his petition

1

for review denied.  Petitioner's sole habeas claim before this court is based upon his allegation that he did not receive a speedy trial.  (Pet. at 2-5.)

In his brief motion for a stay and abeyance, petitioner acknowledges that he must first exhaust state court remedies before proceeding with a federal habeas petition in this court and summarily asks that the court stay this case.  (Pet'r's Mot. for Sty. & Abey. at 1.)

**DISCUSSION**

As an initial matter, the court believes that some general discussion of the stay and abeyance procedures is warranted and may provide petitioner was some guidance.  Petitioner is advised that the United States Court of Appeals for the Ninth Circuit has analyzed the two procedures available to habeas petitioners who wish to proceed with exhausted and unexhausted claims for relief.  See King v. Ryan, 564 F.3d 1133 (9th Cir. 2009).  First, the Ninth Circuit explained "the Kelly procedure," outlined in Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003).  Under the three-step Kelly procedure,

> (1) the petitioner amends his petition to delete any unexhausted claims, (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing petitioner the opportunity to proceed to state court to exhaust the deleted claims, and (3) petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition.

King, 564 F.3d at 1135.

A petitioner who elects to proceed under the Kelly procedure will be able to amend his petition with his newly exhausted claims if they are timely under the statute of limitations governing the filing of federal habeas petitions.  If a petitioner's newly-exhausted claims are untimely, he will only be able to amend his petition to include them if they share a "common core of operative facts" with the claims set forth in his original federal petition.  In this regard, the Kelly procedure, unlike the alternative procedure discussed below, is a riskier one for a habeas petitioner because it does not protect a petitioner's unexhausted claims from expiring during a stay.  See King, 564 F.3d at 1140-41.  See also Duncan v. Walker, 533 U.S. 167, 172-75

(2001) (unlike the filing of a state habeas petition, the filing of a federal habeas petition does not toll the statute of limitations).

As the Ninth Circuit explained in King, the United States Supreme Court has authorized an alternative procedure which it outlined in Rhines v. Weber, 544 U.S. 269, 277 (2005). Under the Rhines procedure, the petitioner need not amend his federal habeas petition to delete unexhausted claims. Instead, the petitioner may proceed on a "mixed petition," and his unexhausted claims remain pending in federal court while he returns to state court to exhaust them. See King, 564 F.3d at 1140; Jackson v. Roe, 425 F.3d 654, 660 (9th Cir. 2005) ("Rhines concluded that a district court has discretion to stay a mixed petition to allow a petitioner time to return to state court to present unexhausted claims."). A petitioner who elects to proceed under the Rhines procedure can, in many instances, avoid an issue with respect to the timeliness of the claims set forth in his federal petition. See King, 564 F.3d at 1140. However, the Supreme Court has cautioned that a "stay and abeyance [under the Rhines procedure] should be available only in limited circumstances," and "district courts should place reasonable time limits on a petitioner's trip to state court and back." Rhines, 544 U.S. at 277-78. The Supreme Court explained that district courts should not grant a stay if the petitioner has engaged in abusive litigation tactics or intentional delay or if the unexhausted claims are plainly meritless. Id. at 278. In addition, federal proceedings may not be stayed indefinitely and reasonable time limits must be imposed on a petitioner's return to state court to exhaust additional claims. Id. at 277-78.

In this case, it is not clear whether petitioner's sole claim regarding his right to a speedy trial is exhausted or unexhausted. If petitioner exhausted his speedy trial claim on direct appeal, the court may stay the pending petition under the Kelly procedure. However, as discussed above, proceeding under the Kelly procedure is risky because any unexhausted claims that petitioner has not included in his pending petition may expire under the one-year statute of limitations during a stay. If petitioner has not exhausted his speedy trial claim on direct appeal,

3

he is advised that the court cannot stay the pending petition because it cannot stay a wholly unexhausted petition.  See Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006).  As the Ninth Circuit explained:

> District courts have the discretion to hold a mixed petition in abeyance pending exhaustion of the unexhausted claims.  We decline to extend that rule to the situation where the original habeas petition contained only unexhausted claims . . . .  Once a district court determines that a habeas petition contains only unexhausted claims, it need not inquire further as to petitioner's intentions.  Instead, it may simply dismiss the habeas petition for failure to exhaust.

Raspberry, 448 F.3d at 1154.  See also, e.g., Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001) (district court obliged to dismiss immediately a petition containing no exhausted claims); Dotson v. Uribe, No. CV 09-6115-FMC (PLA), 2009 WL 4885200 at *4 (C.D. Cal. Dec. 14, 2009) (denying a motion for a stay and abeyance because the federal petition contained only unexhausted claims); Brown v. Dexter, No. CV 08-1119-SGL (VBK), 2008 WL 4384181 at *4 (C.D. Cal. Aug. 21, 2008) (same).

       It is also not clear whether petitioner has additional claims he wishes to pursue that he decided not to include in his petition at this time.  Assuming petitioner has both exhausted and unexhausted claims he wishes to pursue, he should consider pursuing a stay and abeyance under the Rhines procedure.  As discussed above, under the Rhines procedure the court is authorized to stay a "mixed petition."  However, before the court can do so petitioner must provide the court with sufficient facts and information to satisfy the Rhines requirements.  Specifically, petitioner must good cause for not exhausting all of his claims before filing this federal habeas action.  See Taylor, 134 F.3d at 987 n. 8 & n. 11 (failure to show diligence in pursuing claims may foreclose the granting of a stay).

       Under these circumstances, the court will deny petitioner's motion for a stay and abeyance without prejudice to filing a renewed motion for a stay and abeyance within thirty days.  In any renewed motion, petitioner will need to clarify whether he wishes to proceed under the

1  Kelly procedure or the Rhines procedure.  If petitioner wishes to proceed under the Rhines
2  procedure, he must (1) show good cause for his failure to exhaust all claims before filing this
3  action, (2) demonstrate why each of his unexhausted claims is potentially meritorious, (3)
4  describe the status of any state court proceedings on the unexhausted claims, and (4) demonstrate
5  that he has acted diligently in pursuing his unexhausted claims.  See Rhines, 544 U.S. at 277-78.
6  He will also need to file an amended petition containing any exhausted and unexhausted claims
7  he wishes to pursue in this federal habeas action.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis (Doc. No 11) is granted; and

2. Petitioner's motion for a stay and abeyance (Doc. No. 9) is denied without prejudice to filing a renewed motion for a stay and abeyance pursuant to the Kelly procedure or the Rhines procedure within thirty days of the date of this order.  Alternatively, if petitioner has not exhausted any of his claims in state court as is required, he may move to voluntarily dismiss this action without prejudice.

DATED: July 9, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
vang0159.msty